**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| I: a man aggrieved,  (Matthew Cain) | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  PWG-15-2775 |
| | * | |
| R. RODRIGUEZ, | * | |
| ERIC GLASS, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM**

On September 15, 2015, Matthew Cain, who identifies himself as "a man aggrieved" filed this complaint.[1] Cain has filed a Motion for Leave to Proceed in Forma Pauperis which will be granted.

Cain, who provides a West Virginia address, alleges that beginning on May 19, 2015, Defendants have trespassed on his property using a forged document.   Plaintiff provides Maryland addresses for both Defendants.   Plaintiff does not identify the location of the property or describe the nature of the alleged trespass or forged document. Cain seeks damages of $ 1,000 per day in relief.

The court is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Plaintiff. *See, e.g. Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such complaints, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see*

---

[1] Cain captioned the Complaint as filed in "Federal Court at District Court of the United States for Montgomery County Maryland." (ECF 1).

*also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Except in certain specified cases not applicable here, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 n. 3.

Plaintiff's vague and conclusory assertions are insufficient to set forth a cognizable claim. Accordingly, I will dismiss this case without prejudice by separate order to follow.

09/28/2015
Date

Paul W. Grimm
United States District Judge

2